IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN S. WINCHELL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2395-KHV |
| JOE R. POLO, Sr., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

John S. Winchell brings suit pro se against Joe R. Polo.[1] Under Kansas common law, plaintiff alleges that defendant defamed him in a complaint which he filed with the Kansas Board of Accountancy. This matter comes before the Court on defendant's Motion To Dismiss (Doc. #4) filed January 14, 2009. Defendant asserts that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff did not timely serve him with process under K.S.A. § 60-203 and he therefore did not commence the action within the applicable statute of limitations.

## Legal Standard

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears

---

[1] Defendant argues that plaintiff is using "shadow counsel" and is not a pro se litigant. Other than to state that plaintiff has "engaged in actions" with counsel in Missouri federal court and Kansas state court within the last 24 months, defendant provides no evidence that plaintiff is consulting or has retained an attorney in this matter. See Reply To Response To Motion To Dismiss (Doc. #6) filed February 23, 2009 at 3.

beyond a doubt that plaintiff can prove no set of facts in support of his theories of recovery that would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The statute of limitations is an affirmative defense, but if the dates given in the complaint make clear that the right sued upon has been extinguished, plaintiff has the burden of establishing a factual basis for tolling the statute. Aldrich v. McCulloch Prop., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (citing Lukenas v. Bryce's Mountain Resort, Inc., 538 F.2d 594, 597 (4th Cir. 1976); Burke v. Gateway Clipper, Inc., 441 F.2d 946, 948 (3d Cir. 1971)). Statute of limitations questions may therefore be appropriately resolved on a Rule 12(b) motion. Aldrich, 627 F.2d at 1041 n. 4 (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 606-08 (1969)).

**Factual Background**

Plaintiff alleges that on September 6, 2007, defendant filed a written complaint against plaintiff with the Kansas Board of Accountancy. See Letter To Kansas Board of Accountancy at 2, attached as Ex. A to plaintiff's Complaint (Doc. #1) filed August 29, 2008. Plaintiff alleges that the complaint was defamatory and that defendant made his statements with malice and knowledge that the statements were false or with reckless disregard whether they were true.

Plaintiff filed suit on August 29, 2008, less than a year after defendant made the statements in question. Defendant argues that plaintiff did not serve him with process until December 10, 2008, however, well after the one-year statute of limitations expired. See K.S.A. § 60-514. Plaintiff argues that his action is not time-barred because a clerk's office employee instructed him that he had 120

days from the date of filing to effect service, and that the action commenced on the date of filing because he accomplished service within that 120-day period. Plaintiff also argues that even if the Court finds that service was untimely, it should apply the unique circumstances doctrine and deny defendant's motion to dismiss.

## Analysis

**I.     Federal And State Law Filing Deadline**

Kansas law provides a one-year statute of limitations for libel and slander actions. See K.S.A. § 60-514; see also Geolas v. Boy Scouts of Am., 23 F. Supp.2d 1254, 1257-8 (D. Kan. 1998) (citing K.S.A. § 60- 514(1)). K.S.A. § 60-203(1) provides that a civil action is commenced when plaintiff files a petition if plaintiff obtains service of process within 90 days thereafter, or an additional 30 days which the court may grant for good cause. See also Moore v. Luther, 291 F. Supp.2d 1194, 1202 (D. Kan. 2003). In contrast, the Federal Rules of Civil Procedure state that a civil action is commenced by filing a complaint, see Fed. R. Civ. P. 3, and that plaintiff has 120 days to effect service once the complaint is filed. Fed. R. Civ. P. 4(m). Rule 3 does abate the action if plaintiff does not make timely service of process. See Clay v. Indian Springs Shopping Ctr., No. 87-2185, 1988 U.S. Dist. LEXIS 1390, at *6 (D. Kan. Feb. 4, 1988). In a diversity action, the Court applies K.S.A. § 60-203(1) to determine whether plaintiff timely filed suit under the relevant statute of limitations. Walker v. Armco Steel Corp., 446 U.S. 740, 751 (1980); Habermehl v. Potter, 153 F.3d 1137, 1139 (10th Cir. 1998); Netwig v. Georgia-Pacific Corp., No. 01-CV-2025, 2002 U.S. Dist. LEXIS 19277, at *8, *10 (D. Kan. Sept. 30, 2002).

Here, plaintiff's claim is brought under Kansas state law and plaintiff filed suit on August 29, 2008. Therefore, unless he served defendant within 90 days, i.e. by November 27, 2008, the action

commenced on the date of service rather than the date of filing. The parties agree that service occurred on December 10, 2008, more than 90 days from when plaintiff filed suit. The action therefore commenced on December 10, 2008, after the statute of limitations expired on September 6, 2008.

**II.     Unique Circumstances Doctrine**

The Kansas Supreme Court has held that an otherwise untimely filing may be excused when unique circumstances are present. See Slayden v. Sixta, 250 Kan. 23, 30-31, 825 P.2d 119, 126 (1992); Schroeder v. Urban, 242 Kan. 710, 713-14, 750 P.2d 405, 408 (1988). Application of the unique circumstances doctrine is tantamount to an application of the principles of excusable neglect. See In re O'Connor, 85 B.R. 590, 592 (W.D. Okla. 1987) (extensions granted only upon "unique circumstances justifying excusable neglect") (citing Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962)). The unique circumstances doctrine requires a demonstration of good faith by the party seeking additional time and a reasonable basis for noncompliance within the time specified by the rules. Slayden, 250 Kan. at 30, 825 P.2d at 119. The Kansas Supreme Court has cautioned, however, that the unique circumstances doctrine is one of "specific and limited application." In re Tax Appeal of Sumner County, 261 Kan. 307, 316, 930 P.2d 1385, 1394 (1997). In fact, the Kansas Supreme Court has applied the unique circumstances doctrine only where an untimely filing was the result of third-party error. See Sumner County, 261 Kan. at 317, 930 P.2d at 1391; Slayden, 250 Kan. at 30-31, 825 P.2d at 125; Schroeder, 242 Kan. at 713-14, 750 P.2d at 408.

In Sumner County, the Kansas Supreme Court found unique circumstances where an administrative agency erroneously instructed defendant that it had 30 days to file its appeal when the

relevant statute provided only 15 days.[2] 261 Kan. at 317, 930 P.2d at 1391. In Schroeder, two days before the expiration of the original deadline to appeal, the district court granted appellants a 30-day extension to appeal. 242 Kan. at 710, 750 P.2d at 405. The Kansas Court of Appeals nonetheless found that the appeal was untimely and dismissed it. On appeal, the Kansas Supreme Court held that an appeal which was otherwise untimely could be maintained in unique circumstances if (1) appellant reasonably and in good faith relied upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant filed a notice of appeal within the period which was apparently extended by the court. Id.

In Slayden, the Kansas Supreme Court found unique circumstances where a court clerk's office issued summons with an incorrect address and caused plaintiff's action to be dismissed as untimely. 250 Kan. at 30, 825 P.2d at 126. Applying Slayden, however, this Court has found that where plaintiff claimed that a clerk's office error caused a delay in service but produced no clerk's office record of the alleged error and did not demonstrate efforts to effectuate service during the 90-day period, plaintiff could not invoke the unique circumstances doctrine to excuse his untimely filing. See Netwig, 2002 U.S. Dist. LEXIS 19277, at *16-18.

The Tenth Circuit has held that a statute of limitations can be equitably tolled where a pro se petitioner misses a filing deadline because of reliance on the representations of a court clerk. Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 859 (10th Cir. 1983). Such reliance is excusable if the petitioner made reasonable efforts to effectuate service and defendants alleged no

---

[2] The administrative agency had erroneously issued more than 100 opinion letters which incorrectly advised recipients of their time to appeal. Id.

prejudice resulting from a short delay in filing.  Id.; see also Heath v. AT&T Corp., No. C-05-0719 VRW, 2005 WL 2206498, at *9 (N.D. Cal. Sept. 12, 2005) (equitable tolling of statute of limitations proper where pro se plaintiff allegedly relied on information furnished by court clerk).

Here, the record establishes that on November 25, 2008, plaintiff called the office of the Clerk of the District Court to discuss the deadline for service of process.  See Affidavit of John S. Winchell, attached as Ex. 1 to plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss (Doc. #5) filed February 2, 2009.  Plaintiff describes the conversation as follows:

> I told the employee of the office with whom I spoke that I was a pro se plaintiff in an action pending in the court and I noted that the Pro Se Guide provided by the Clerk to all pro se parties stated on page 15: "You have 120 days from the date you filed the complaint to serve the defendants in your case."[3]
>
> I advised the Clerk's Office employee that the Kansas statue of limitations applicable in my case required service within 90 days of the filing of the Complaint to prevent the statute of limitations from running unless the court extended the period to 120 days.
>
> I further advised the Clerk's Office that I had not served the defendant because we were negotiating a settlement agreement on other issues which if agreed to (which they were not) would have made service moot.
>
> I asked the employee if it would be necessary to file a motion with the Court

---

[3] The Pro Se Guide states as follows:

> You have 120 days from the date you filed the complaint to serve the defendants in your case. If you have filed the Motion to Proceed Without Prepayment of Fees (see page 10), the 120 days begins to count down when the judge's order granting or denying that motion is filed in your case.
>
> All of the defendants that you have named in your complaint must be served. The defendants who are not served within the 120 days may be dismissed from your lawsuit.

See Filing Your Lawsuit In Federal Court: Pro Se Guide, United States District Court, District of Kansas, at 15.

> requesting an extension of the period for service to 120 days.
>
> The employee advised me that it would not be necessary to file a motion and that I had 120 days from the date of the filing of the complaint to serve the defendant.
>
> In reliance on this verbal approval, I did not file a written motion seeking an extension and I served Defendant on December 10, 2008.

Id.  Defendant offers no evidence to refute plaintiff's affidavit and does not allege prejudice as a result of the delay in service.

Like plaintiffs in Gonzalez and Slayden, plaintiff relied on inaccurate information from the clerk's office.  Plaintiff relied not only on his conversation with the clerk's office, but also on the Court's official guide for pro se litigants which regrettably fails to mention that for purposes of the statute of limitations in a diversity action under Kansas law, plaintiff may not have 120 days to effect service of process.[4]  The Court therefore finds that plaintiff's failure to timely serve process constituted excusable neglect and that the unique circumstances doctrine excuses his failure to make timely service of process by 13 days.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #4) filed January 14, 2009 be and hereby is **OVERRULED**.

Dated this 10th day of July, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[4] The Clerk of the Court will take immediate steps to rectify this error.